NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNELL LINTON, )<br>)<br>Plaintiff, )<br>)     Civil Action No.: 06-5080 (JLL)<br>v. )<br>)     **OPINION**<br>L'OREAL USA, )<br>)<br>Defendant. )<br>) | |

**LINARES, District Judge.**

This matter comes before the Court on the motion [CM/ECF #41] for reconsideration of this Court's summary judgment opinion by Defendant L'Oréal USA, Inc. ("Defendant" or "L'Oréal") filed April 13, 2008. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendant's motion for reconsideration is denied.

**INTRODUCTION**

As this Court has recently set forth an Opinion containing an extensive summary of the facts, it will provide only a brief summary here. Plaintiff Donnell Linton ("Plaintiff" or "Linton") worked at L'Oréal's plant in Piscataway, New Jersey from 1980 until September 26, 2005. In 2005, he injured himself playing basketball, and sent L'Oréal a note from his doctor stating that he would be out of work from June 30, 2005 until July 8, 2005. L'Oréal approved this leave, and then, after further communications from Linton's doctor, approved up to twelve weeks of leave for Linton.

1

Linton called his supervisor at L'Oréal once during his leave, and sent in numerous notes from his doctor. One of these forms, dated August 31, 2005, indicated that Linton would be out until September 30, 2005, after his twelve weeks of leave would expire on September 23, 2005. After Linton did not show up for work on September 25, 2005, L'Oréal terminated Linton on September 26, 2005. Linton was cleared by his doctor to return to work on September 30, 2005, and called L'Oréal to inform the company of this, but L'Oréal stated that his position had been filled and he would have to reapply for other positions at L'Oréal.

Linton filed his Complaint in this Court on October 23, 2006. After motion practice, discovery, and the voluntary dismissal of some claims, the parties cross-moved this Court for summary judgment on the remaining claim under N.J.S.A. ¶ 10:5-1 et seq. (the "NJLAD"), failure to accommodate a disability.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment. Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i).[1] Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The motion may not be used to re-litigate old matters or argue new

---

[1] This rule was previously Local Civil Rule 7.1(g).

matters that could have been raised before the original decision was reached.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration:  (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

Defendant seeks to have this Court reconsider its March 27, 2009 Opinion.  Primarily,[2] Defendant argues that this Court should have dismissed Linton's claim because it found that Linton received the only accommodation he requested.  (Def. Br. at 10-12.)  Specifically, Defendant's failure to accommodate argument is that having found that the letters from Linton's doctor subsequent to July 18, 2005 were not requests for further accommodation, this Court erred by continuing to examine whether or not L'Oréal and Linton had engaged in the interactive process in good faith.  (Id.)

A prima facie case under the NJLAD for failure to accommodate has three elements:  "(1) plaintiff was disabled within the meaning of the statute; (2) plaintiff was qualified to perform the essential functions of the position of employment; and (3) plaintiff suffered an adverse employment action because of the disability."  Victor v. State, 952 A.2d 493, 504 (N.J. Super. Ct. App. Div. 2008).  Failure to engage in the interactive process of accommodation is a test under

---

[2] Defendant also argues that if it succeeds on its argument on the failure to accommodate claim, the Court must reconsider its denial of summary judgment to Defendant as to punitive damages or emotional distress damages.  (Id. at 12.)  Such an argument, however, would be moot if this Court grants L'Oréal summary judgment on reconsideration, and would fail if L'Oréal does not succeed in its reconsideration argument.

New Jersey law designed to satisfy the second prong of the Victor test. Tynan v. Vicinage 13, 798 A.2d 648, 657 (N.J. Super. Ct. App. Div. 2002). It requires that "(1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith." Tynan v. Vicinage 13, 798 A.2d at 657.

At summary judgment, this Court construed Plaintiff's claim as two alternative arguments. First, this Court read the Complaint as asserting that the notes from Linton's doctor submitted to L'Oréal after July 18, 2005 constituted new requests for accommodation which L'Oréal had not considered. (Op. of Mar. 27, 2009 at 7.) Second, this Court found that Linton had made an alternative claim, under which L'Oréal had failed to engage in the interactive process regarding the granted accommodation. (Id. at 11-12.) The Court found the first of these two alternatives without merit. (Id. at 11.) With respect to the second argument, however, this Court held that material issues of fact relating to both parties' good faith in engaging in the interactive process required findings of fact by a jury. (Id. at 12.)

L'Oréal's argument for reconsideration rests on the proposition that "the Court properly held that Linton could not prove the second element necessary to establish a claim for failure to accommodate," and the Court's March 27, 2009 Opinion should not have gone on to evaluate the parties' good faith concerning the original accommodation provided by L'Oréal. (Def. Br. at 10-11.) This Court finds that L'Oréal misconstrues its March 27, 2009 Opinion in ignoring the second theory under which Plaintiff's failure to accommodate claim proceeded. In the Opinion in question, the Court noted: "[i]n the case at bar it is clear that once L'Oréal granted the initial

4

accommodation the interactive process had begun and both parties had a good faith duty to assist in the search for the reasonable extension of the initial accommodation should that become necessary." (Op. of Mar. 27, 2009 at 13.)  This analysis did not attach to Linton's communications after July 18, 2009: it attached to the original twelve weeks of leave granted by L'Oréal.  This Court, therefore, did not move on to discussing good faith in the interactive process after finding that Plaintiff had failed to meet its burden under the second prong of Tynan; instead, this Court found that the second prong of Tynan had been met with regard to the initial term of leave and that material issues of fact existed as to good faith in the subsequent interactive process.  (Id. at 11-12, 15.)  "This Court, therefore, denies summary judgment to both parties on the issue of who failed to continue to engage in the interactive process pursuant to Plaintiff's original request for accommodation that resulted in the twelve weeks of leave formally granted by Defendant on July 18, 2005."  (Id.)

      Furthermore, Defendant points to no change in the underlying law, new facts, or manifest injustice.  Carmichael, No. 03-4787, 2004 WL 1587894, at *1.  And although Defendant attempts to frame its objection to this Court's characterization of Plaintiff's Complaint and arguments at summary judgment as clear errors of law, it points to no controlling authority that mandates a different conclusion than the one at which this Court arrived.  (Def. Br. at 11-12.)  L'Oréal's motion for reconsideration, therefore, is denied.

**CONCLUSION**

For the reasons set forth above and pursuant to the Order accompanying this Opinion, this Court denies Plaintiff's motion for summary judgment, and grants in part and denies in part Defendant's motion for summary judgment.

DATED: September 9, 2009                                           /s/ Jose L. Linares
                                                                                   United States District Judge